# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MAUREEN L. POEPPELMAN,

    Plaintiff,     :    Case No. 3:09-cv-428

        District Judge Walter Herbert Rice
-vs-        Magistrate Judge Michael R. Merz

    :

COMMISSIONER OF SOCIAL
  SECURITY,

    Defendant.

## ORDER TO OBTAIN COUNSEL OR PROCEED *PRO SE*

The Clerk has called to the Court's attention the fact that the Amended Complaint in this case was filed by Jo-Ann Sabo, purporting to act under the General Durable Power of Attorney attached to the Complaint.

Being named in a power of attorney makes the person so named an attorney-in-fact and enables them to carry out many acts on behalf of the person so naming them. However, appearing for that person in court is not one of those activities. 28 U.S.C. § 1654 provides that in federal court "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Federal courts have consistently held that this does not permit a person who is not an attorney-at-law to appear on behalf of another person in federal court, whether pursuant to a power of attorney or otherwise. See *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Osei-Afriyie v. Med. Coll of Pa.*, 937 F.2d 876, 882-83 (3rd Cir. 1991); *Powerserve Int'l., Inc. v. Lavi,* 239 F.3d 508, 514 (2nd Cir. 2001).

Accordingly, Plaintiff may not proceed in this matter by way of her attorney-in-fact. It is

hereby ORDERED that Plaintiff obtain the services of an attorney at law admitted to practice before this Court to represent her in this matter as promptly as possible and in any event no later than January 4, 2010. If she is competent to do so, Plaintiff may of course proceed *pro se*.

November 17, 2009.

s/ **Michael R. Merz**<br>
United States Magistrate Judge